UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**LAWSON BEE HUMPHREY**                                                           **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:20-CV-P190-GNS**

**WARREN COUNTY DETENTION CENTER et al.**                      **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Lawson Bee Humphrey filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the complaint will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate incarcerated at the Warren County Detention Center (WCDC), names as Defendants the WCDC and WCDC Jailer Steve Harmon in his official capacity.  He alleges that in August 2020 he was injured while playing a game of pick-up basketball at the WCDC when he was elbowed in the face causing a "2 centimeter gash" over his right eyebrow.  He states that immediately thereafter Defendant Harmon met him in the hallway, saw his injury, and stated that he "'saw the film.  It was totally accidental.'"

Plaintiff states that he was "rushed" to the hospital, where his wound was cleaned and stitched up, and then taken back to WCDC.  He alleges that his "eye began to close totally making it very difficult to have vision clarity."  He further alleges that he was put in general population where, for nine days, his face was swollen and he had no "visibility" out of his right eye.  He states that he was placed in a jail pod where he had to protect himself, which he "really

couldn't do much to help [him]self" because he could only see out of one eye.  Plaintiff states that photos were taken of his injury and that he has asked for the photos but they have not been given to him.  He continues:

> My claim is for accidental injury in which I can prove by subpoena of the Jailer, Steve Harmon who verbally admitted, "I saw the film it was 'totally accidental.'" . . . I believe that my constitutional rights have been violated by the jail, the staff and the jailer by refusal of my medical records, photos and by deliberately claiming to give them to me but I still have them not.

As relief, Plaintiff asks for compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1) and (2).  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff states that his "claim is for accidental injury" during a pick-up basketball game when someone, presumably another prisoner, elbowed him in the face.  Such an accidental injury does not rise to the level of a constitutional claim, even if it had been caused by a WCDC employee, and not another prisoner.  "Accidents, mistakes, and other types of negligence are not

constitutional violations merely because the victim is a prisoner." *Stubl v. Baraga Maximum Corr. Facility*, No. 2:08-CV-10, 2008 WL 4813403, at *5 (W.D. Mich. Oct. 30, 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's second claim, *i.e.*, that his constitutional rights have been violated because he has not been given his medical records, including photos of his injury, also fails to state a constitutional claim because "a prisoner has no constitutional right to review or obtain copies of his prison medical records." *Blanton v. Blue*, No. 4:16CV-P10-JHM, 2016 WL 2858922, at *3 (W.D. Ky. May 14, 2016) (and cases cited therein (internal quotation marks and citation omitted)); *see also Ware v. Asakoba*, No. 1:21-CV-P2-GNS, 2021 WL 2188748, at *3 (W.D. Ky. May 28, 2021) (same).

Finally, to the extent that the complaint, read liberally, may be construed as claiming that Defendants failed to protect him when they placed him in general population with one eye swollen shut, such a claim also fails. To state a claim under the Eighth Amendment that a prison official was deliberately indifferent to inmate safety, Plaintiff must allege facts demonstrating that (1) the prison official failed to protect Plaintiff from an objectively serious risk of harm; and (2) the prison official acted with deliberate indifference to Plaintiff's safety—he must show both that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official drew that inference. *See Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). Plaintiff's complaint is devoid of allegations that there was an objectively serious risk of harm to him from being housed in general population. He does not explain why temporarily having one eye swollen shut was an objectively serious risk of harm. *See, e.g.*, *Brown v. Woods*, No. 2:14-CV-136, 2014 WL 6472995, at *8 (W.D. Mich. Nov. 18, 2014) ("In the absence of specific factual allegations regarding the alleged danger that Plaintiff

3

faced in the general population, this Court cannot find that Defendants were deliberately indifferent to a substantial risk of serious harm." (citing *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir. 1994)).  Additionally, Plaintiff makes no allegations that any official was aware of facts from which the official could infer that a substantial risk of serious harm existed and that the official drew that inference.

        For the foregoing reasons, by separate Order, the Court will dismiss this action.

Date: August 13, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
           Defendants
           Warren County Attorney
4416.009